Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 C 3147 | DATE | 11/21/2000 |
| CASE TITLE | Connie Hobbs vs. Peoplesoft, Inc. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 12/14/00 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion for summary judgment [9] is denied. A status hearing is set for 12/14/00 at 9:30 A.M.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | NOV 22 2000 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 00 NOV 22 AM 7:29 | |
| RJ | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**

**NOV 22 2000**

CONNIE HOBBS, )
    Plaintiff, )
) No. 99 C 3147
v. )
) Judge Joan B. Gottschall
PEOPLESOFT, INC. )
    Defendant. )

## MEMORANDUM OPINION AND ORDER

### Background

Plaintiff Connie Hobbs is a former employee of defendant Peoplesoft, Inc. Hobbs has brought suit against Peoplesoft, alleging that Peoplesoft terminated her employment in retaliation for Hobbs' filing of a worker's compensation claim under the Illinois Worker's Compensation Act.[1] Hobbs was employed by Peoplesoft from approximately January 1997 to July 28, 1998 as a customer service specialist. On January 9, 1998, Hobbs suffered a severe work-related injury. The injury prevented Hobbs from working at Peoplesoft until January 15, 1998.[2] On that date,

---

[1] Hobbs' complaint contains two counts. Count I is for retaliatory discharge under Illinois law. Count II is identical, except that it alleges that Peoplesoft's acts were intentional and seeks punitive damages. Because the court finds a genuine issue of material fact as to whether Hobbs' discharge was in retaliation for filing a claim, summary judgment is denied as to both counts and the issue of punitive damages may be raised at trial.

[2] Peoplesoft objects to the admissibility of the documents cited by Hobbs in support of this proposition, arguing that the various medical and insurance documents submitted by Hobbs have not been authenticated and are inadmissible hearsay. (*See* Def.'s Resp. to Pl.'s 56.1 Statemt. at 1). Subject to these objections, Peoplesoft then admits this proposition. (*See id.*). Defendant is correct that evidence submitted for consideration on a motion for summary judgment must be identified by affidavit or otherwise made admissible. *See Martz v. Union Labor Life Ins. Co.*, 757 F.2d 135, 138 (7th Cir. 1985). The medical and insurance documents in Plaintiff's Exhibit F, however, are not essential to the resolution of this motion. These documents generally pertain to the nature and extent of Hobbs' injury and the underlying worker's compensation claim itself, not to the elements of the retaliatory discharge claim. Hobbs

Hobbs began to work at home with physician's restrictions on her activities. On January 30, Peoplesoft required Hobbs to return to working from the office, rather than from home. After Hobbs returned to work, several Peoplesoft employees, including Hobbs' immediate supervisors, became concerned with her repeated absences and poor performance. Several e-mails among Merrill Poloian, who was Hobbs' supervisor, Jack Butler, who was a regional director, and Toni Lang, who was a regional Human Resources manager, reflected these concerns. In July 1998, Hobbs apparently began to worry that she might be fired because of her injury and because of the "way she was being treated by Peoplesoft after her injury." (Pl.'s Resp. to Def.'s Statemt. of M. Facts at ¶26). Michelle Brown, Hobbs' co-worker, reported to Merrill Poloian and Jack Butler that Hobbs had asked her to testify in Hobbs' worker's compensation case. The parties dispute whether or not Hobbs offered to pay Brown $1000 in exchange for Brown's testimony. On July 28, 1998, Larry Butler, the Vice President of Human Resources at Peoplesoft, sent Hobbs a letter notifying her that she was terminated. The parties dispute the reason for her termination. Peoplesoft claims that Larry Butler's decision to terminate Hobbs was based only on information about the alleged bribe Hobbs made to Brown, while Hobbs contends that her termination was in retaliation for her decision to file a worker's compensation claim.

Defendant Peoplesoft has moved for summary judgment. The court finds that plaintiff has produced evidence sufficient to create a genuine issue of material fact, and therefore denies defendant's motion for summary judgment.

---

may rely on other, admissible evidence to attempt to establish a genuine issue of material fact as to the elements of her retaliatory discharge claim.

## Analysis

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). When considering a motion for summary judgment, the court must view the record and any inferences to be drawn from it in the light most favorable to the party opposing summary judgment. *See Griffin v. Thomas*, 929 F.2d 1210, 1212 (7th Cir. 1991). The party opposing summary judgment may not rest upon the pleadings, but "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). There is no genuine issue for trial unless there is "sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Id.* The party moving for summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

It has been stated that in order to establish an Illinois common law claim for retaliatory discharge an employee must show that he has been "(1) discharged; (2) in retaliation for the employee's activities; and (3) that the discharge violates a clear mandate of public policy." *See Hiatt v. Rockwell Int'l Corp.*, 26 F.3d 761, 767 (7th Cir. 1994) (citing *Hartlein v. Illinois Power Co.*, 601 N.E.2d 720, 728 (Ill. 1992)). More specifically, cases involving an underlying claim for worker's compensation have stated that, "a plaintiff must show (1) that he was the defendant's employee before his injury; (2) that he exercised a right granted by the Workers' Compensation Act; (3) and that he was discharged from his employment with a causal connection to his filing a

workers' compensation claim." *See id.* (citing *Kritzen v. Flender Corp.*, 589 N.E.2d 909, 915 (Ill. App. Ct. 1992)).

At issue in this motion for summary judgment is the third element - causation. Defendant Peoplesoft argues that it is entitled to summary judgment because the decision to terminate Hobbs was not causally connected to Hobbs' worker's compensation claim. The Seventh Circuit has yet to clarify the precise requirements for a prima facie case of retaliation under Illinois law. *See Bourbon v. K-Mart Corp.*, 223 F.3d 469, 473-77 (7th Cir. 2000) (Posner, J., concurring). The burden of proving the causation element, and the propriety of using the familiar "procedural" burden-shifting framework of *McDonnell-Douglas,* are at the heart of the confusion. *See id.* (discussing *McDonnell-Douglas Corp. v. Green,* 411 U.S. 792 (1973) as used in Illinois retaliatory discharge cases). Whether or not federal courts in the Seventh Circuit may apply a burden-shifting analysis, the court finds that the plaintiff has produced sufficient evidence to preclude summary judgment.

The e-mails among Merrill Poloian, Toni Lang, Jack Butler, and others at Peoplesoft demonstrate a clear concern with Hobbs' performance, absences, and the effects of her injury. The e-mails do not contain a "smoking gun" that makes it obvious that Peoplesoft was planning on firing her because of her worker's compensation claim. However, when viewed in the light most favorable to Hobbs, they are sufficient to permit the inference that Peoplesoft was irritated with Hobbs, at least in part because of her claim. Although the court recognizes that an employer may terminate an employee because of absences due to an injury compensable under the Worker's Compensation Act, so long as the termination was not connected to the claim itself, *see*

*Bryant v. Avon Products*, No. 96 C 6763, 1998 WL 142398 at *5 (N.D. Ill., Mar. 24, 1998), in this case the motives are too entangled for the court to sort out on a motion for summary judgment. A jury could reasonably interpret the e-mails as circumstantial evidence that Peoplesoft was irritated by Hobbs' claim and was "'laying' for her, biding its time to create a space between the date of the claim and the date of the discharge" and waiting for "pretextual evidence of misconduct to provide a figleaf for its retaliatory action." *See Pryor v. Seyfarth, Shaw, Fairweather & Geraldson*, 212 F.3d 976, 980 (7th Cir. 2000).

Peoplesoft argues that summary judgment is appropriate because it is undisputed that Larry Butler, the person who made the decision to terminate Hobbs, was not even aware of Hobbs' worker's compensation claim. Courts have repeatedly recognized the need for a plaintiff asserting retaliatory discharge under Illinois law to produce evidence establishing that the decision-maker had knowledge of the employee's worker's compensation claim. In *Hiatt*, the Seventh Circuit stated: "Evidence that those responsible for an employee's termination knew that he intended to file, or . . . had filed, a workers' compensation claim is essential to a retaliatory discharge action under Illinois law." *Hiatt*, 26 F.3d at 769 n.7; *see also Sweat v. Peabody Coal Co.*, 94 F.3d 301, 305 (7th Cir. 1996); *Roger v. Yellow Freight Systems, Inc.*, 21 F.3d 146, 149-50 (7th Cir. 1994).

Hobbs responds to this argument by pointing out that some individuals at Peoplesoft having knowledge of her claim had input into the decision to terminate her. This is significant because "[s]ummary judgment generally is improper where the plaintiff can show that an employee with discriminatory animus provided factual information or other input that may have

5

affected the adverse employment decision." *Dey v. Colt Const. & Development Co.*, 28 F.3d 1446, 1459 (7th Cir. 1994); *see also Pryor v. Seyfarth, Shaw, Fairweather & Geraldson*, 212 F.3d 976, 980 (7th Cir. 2000). The record shows that Toni Lang, and perhaps other Peoplesoft employees, had knowledge of Hobbs' claim and had factual input into Larry Butler's decision. (*See* Lang Decl.; L. Butler Term. Ltr.). Specifically, Lang reported her factual conclusions about Hobbs' alleged attempt to bribe Michelle Brown, and that incident served as the basis for Larry Butler's decision to terminate Hobbs. (*See id.*). Lang's knowledge of the claim, therefore, may have tainted Butler's decision. In *Pryor*, the Seventh Circuit recognized that the knowledge of a "snitch" or others consulted about the decision to terminate may preclude summary judgment, even where the decisionmaker testified that she was not aware of plaintiff's claim against the defendant. *Pryor*, 212 F.3d at 980. Because of the link between Toni Lang and Larry Butler's decision to terminate Hobbs, Larry Butler's own lack of knowledge is insufficient to justify summary judgment.

Peoplesoft also argues that Hobbs' alleged attempt to bribe Michelle Brown was a legitimate, non-pretextual reason for Larry Butler's decision to terminate Hobbs. Even assuming that the *McDonnell-Douglas* burden-shifting framework applies, which is not at all clear, the plaintiff has produced sufficient evidence to preclude summary judgment. As noted above, when the e-mails are viewed in the light most favorable to Hobbs they present circumstantial evidence that Peoplesoft terminated Hobbs in retaliation for filing a worker's compensation claim. A reasonable jury could therefore conclude that Peoplesoft's stated reason for termination was pretextual.

## Conclusion

For the foregoing reasons, defendant's motion for summary judgment is denied.

ENTER:

JOAN B. GOTTSCHALL
United States District Judge

DATE: November 21, 2000